## UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| VICTOR L. WADE<br>2202 Sterling Ridge Drive<br>Augusta, Georgia, 30909<br><br>        *Plaintiff,*<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>        *Defendant.* | No.: 14-814C |

### COMPLAINT FOR BACK-PAY AND COLLATERAL INJUNCTIVE RELIEF

Plaintiff, Victor L. Wade, for his Complaint against defendant, the United States of America, alleges as follows:

### Jurisdiction

This action is one for back-military pay pursuant to the Tucker Act, as plaintiff failed to receive relief from the Board for Correction of Naval Records. Accordingly, the money mandating statute providing Tucker Act jurisdiction is the Military Pay Act, 37 U.S.C. § 204(a).

### Parties

1. Plaintiff is a former Petty Officer in the United States Navy who was administratively discharged on 19 September 2008 with 19 years, 6 months and 22 days of active duty service.

2. Defendant, pursuant to the provisions of the Tucker Act, 28 U.S.C. § 1491(a), is the United States of America.



## Facts Relevant to All Counts

3. Mr. Wade enlisted in the Navy on 28 February 1989. On or about 27 June 2007, Mr. Wade was required to undergo a random urinalysis. Upon testing, his urine allegedly contained cocaine metabolites. On 8 August 2007, Mr. Wade's commanding officer imposed non-judicial punishment (NJP). At the proceeding Mr. Wade denied knowingly ingesting cocaine, and no evidence was presented other than the results of the urinalysis. The punishment, which was the maximum the commanding officer could lawfully impose, included forfeiture of $1291.00 pay per month for a period of two months, reduction in rank to paygrade E-5, restriction to Fort Gordon for a period of 45 days and extra duties for 45 days. Mr. Wade appealed the punishment, but the appeal was denied.

4. As a result of the NJP Mr. Wade was processed for involuntarily separation from the U.S. Navy, and the case was referred to an Administrative Separation Board. The factual basis for the Board was misconduct by reason of "drug abuse." The Board hearing was conducted on 8 February 2008. At the Administrative Separation proceeding, Mr. Wade denied knowingly ingesting cocaine and no evidence was presented with respect to knowledge other than the results of the urinalysis. Also, during questioning of Mr. Wade, members of the Board elicited and considered evidence of pre-service drug use, advised Mr. Wade that he was suspected of "drug dealing" because he owned two homes and two cars on E-5 pay, and elicited and considered that Mr. Wade "accepted" NJP. The Board members voted 3-0 that misconduct had occurred, finding "Presence of Drugs Due to Urinalysis Testing." The Board also voted 3-0 that Mr. Wade should be separated and that the characterization of discharge should be "General under Honorable Conditions."

5. On 14 February 2008, Mr. Wade's detailed military counsel submitted a Letter of Deficiency concerning the conduct of the Administrative Separation Board.

6. On 19 September 2008, Mr. Wade was separated from the Naval service with a characterization of service as "General under Honorable Conditions." On the date of his discharge, Mr. Wade had served on active duty for 19 years, 6 months and 22 days.

7. On 16 February 2012 Mr. Wade filed an application with the BCNR to correct his records to remove and expunge the 8 August 2007 NJP and its attendant consequences; to remove and expunge the Administrative Separation Board based upon the NJP; to remove all references to the Administrative Separation Board on the grounds that it found misconduct based on an erroneous legal standard and that the Board was improperly conducted; to recommend Mr. Wade be transferred to the Fleet Reserve effective 1 March 2009; to order back pay from the date of discharge to the date he would otherwise have qualified for retired pay; to order back retired-pay from the date he would have qualified for retired pay; and to return of the forfeiture of pay imposed at the 8 August NJP.

8. On 16 February 2012, the BCNR denied Mr. Wade's Application, stating only,

> The Board, in its review of your entire record and application, carefully weighed all potentially mitigating factors, such as your prior honorable service. However the Board found that these factors were not sufficient to warrant any change in your character of service, given your record of NJP for misconduct. The Board also noted that you were fortunate to receive a general discharge since a separation under other than honorable conditions is often not directed when an individual is found to have committed misconduct. Accordingly, your application has been denied.

9. On 1 April 2014, Mr. Wade filed a request for reconsideration to the BCNR on the basis that the original decision failed to address the allegations raised in his Application, as required by the Administrative Procedure Act, 5 U.S.C. § 555(e).

10. On 25 July 2014 the BCNR reconsidered but again denied the application. The bases for the denial were that the "permissive inference [of knowledge from the presence of a controlled substance in the accused's body] may be legally sufficient to satisfy the government's burden of proof as to knowledge;" "evidence of your drug waiver was in your service record, which was considered;" "you were represented by counsel, who could have objected to the questions regarding your home and automobile ownership [and] you or your counsel could have challenged the membership of the ADB panel;" "the Board was unable to find that [questions about accepting NJP] suggested the member thought that only guilty people accepted NJP [and] if believed to have been improper, should have been objected to at the ADB;" and with respect to whether an unsuspended general characterization of service was disproportionate to the offense, "the Board particularly noted that the Navy has a zero tolerance of drug and alcohol abuse and you were fully aware of this policy [and] a general characterization of service for the wrongful use of cocaine was not an overly harsh result of your ADB."

### Count I

11.   Plaintiff incorporates the factual allegations contained in paragraphs 1 through 10 as if repeated verbatim herein.

12.   Relying on a "permissive inference" by the NJP authority, the Administrative Separation Board and the BCNR that Plaintiff "knowingly" ingested cocaine, absent "expert testimony interpreting the tests or some other lawful substitute in the record . . . to provide a rational basis upon which the factfinder may draw an inference that the controlled substance was wrongfully used," is arbitrary and capricious, and contrary to

the Constitution, law and regulations of the United States. *See United States v. Green*, 55 M.J. 76, 80 (C.A.A.F. 2001).

### Count II

13. Plaintiff incorporates the factual allegations contained in paragraphs 1 through 12 as if repeated verbatim herein.

14. Evidence that Mr. Wade owned two homes and two automobiles and must therefore be a "drug dealer" was irrelevant to the basis for separation for which Mr. Wade was provided notice, was the product of racial stereo-typing, and reliance upon such evidence by the Administrative Separation Board and the BCNR was therefore arbitrary and capricious, and contrary to the Constitution, law and regulations of the United States.

### Count III

15. Plaintiff incorporates the factual allegations contained in paragraphs 1 through 14 as if repeated verbatim herein.

16. Evidence that Mr. Wade "accepted" NJP is not evidence of guilt and was irrelevant to whether he knowingly ingested cocaine, and reliance on such evidence by the Administrative Separation Board in finding misconduct on this basis was therefore arbitrary and capricious, and contrary to the Constitution, law and regulations of the United States.

### Count IV

17. Plaintiff incorporates the factual allegations contained in paragraphs 1 through 16 as if repeated verbatim herein.

18. Consideration of pre-service drug use as a basis for characterization of discharge violates MILPERSMAN 19-10-306. Evidence that Mr. Wade ingested marijuana before

he enlisted in the Navy was irrelevant to whether he ingested cocaine as a basis for separation 18 and one half years after he enlisted, and its consideration by the Administrative Separation Board and the BCNR was therefore arbitrary and capricious, and contrary to the Constitution, law and regulations of the United States.

### Count V

19. Plaintiff incorporates the factual allegations contained in paragraphs 1 through 18 as if repeated verbatim herein.

20. Reliance by the BCNR on the Navy's "zero tolerance" policy for drug abuse to support a conclusion that separation of a Sailor with 19 and one half years of active duty is "not an overly harsh result" is inconsistent with the overall scheme because it implies that separation, rather than merely processing for separation, is required, and is therefore arbitrary and capricious, and contrary to the Constitution, law and regulations of the United States.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment for Plaintiff against Defendant, the United States, and order the following additional relief:

1. Declare unlawful Plaintiff's NJP dated 8 August 2007, and order returned to Plaintiff the moneys forfeited as a result of the NJP;

2. Declare unlawful Plaintiff's administrative separation dated 8 February 2008, allowing him to be reinstated with all appropriate back pay and allowances;

3. Order Defendants to pay all costs incurred by Mr. Wade in this action;

4. Upon proper application, award Mr. Wade attorney's fees pursuant to the Equal Access to Justice Act;

5. Any other action which the court deems to be just and equitable.

Respectfully submitted,

William E. Cassara
*Attorney for the Plaintiff*
GA Bar #006017
918 Hunting Horn Way
Evans, GA 30809
706-832-2777
bill@courtmartial.com